UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IN RE PAUL A. MORABITO,<br><br>　　　　　　　　　Debtor.<br>_____<br>JH, INC., *et al*,<br><br>　　　　　　　　　Appellants,<br>　　v.<br>JEFFREY HARTMAN, *et al*,<br><br>　　　　　　　　　Appellees. | Case No. 3:21-cv-00252-ART<br><br>Bankr. Case No. 3:13-bk-51237-GWZ<br><br>ORDER |

At issue is whether the Bankruptcy Court abused its discretion when it imposed upon Appellees a monetary sanction of $50,000 instead of no less than $115,897.70, the amount of attorneys' fees and expenses incurred by Appellants at the time of filing the Sanctions Motion as a result of Appellees' Bankruptcy Rule 9011 violations. The Court finds that the Bankruptcy Court did not abuse its discretion in imposing a sanction of $50,000.

**I.　　Relevant history**

Appellants and Paul Morabito have been involved in years of hostile litigation, which began in 2007 in the Second Judicial District Court, and which continued in the Bankruptcy Court. This appeal arises from the Bankruptcy Court's imposition of sanctions against Jeffrey Hartman, Esq. and Hartman & Hartman and David Houston, Esq. and the Law Offices of David R. Houston ("Hartman and Houston") for filing certain pleadings as attorneys for Paul Morabito ("Morabito") that were both frivolous and filed for an improper purpose. (AER 25.)

On May 29, 2020, Appellants filed their Motion for an Order Imposing Sanctions Against Jeffrey Hartman, Esq. and Hartman & Hartman and David Houston, Esq. and the Law Offices of David R. Houston Pursuant to Bankruptcy Rule 9011 (the "Motion for Sanctions"). (*See* AER 17-1-17-5.) In the Motion for Sanctions Appellants argued that Appellees filed pleadings without any evidentiary support and for an improper purpose. (AER 17-1 at 1767.) Appellants asked the Bankruptcy Court to impose sanctions in the total amount of their attorney fees and reserved the right to file additional declarations for "fees and costs incurred subsequent to the filing of this Sanctions Motion through the hearing on this Sanctions Motion." (AER 17-1 at 01785.) The Motion for Sanctions was based in part on the declarations of Gerald M. Gordon, Esq. (the "Gordon Declaration") and John Desmond, Esq. (the "Desmond Declaration"). The Gordon declaration represented that, "The fees and costs incurred by the Herbst Defendants are $115,107 in fees and $790.70 in costs as of the date of filing the Sanctions Motion. These amounts continue to increase and, therefore, will be updated following the hearing on the Sanctions Motion." (AER 18 at 02851.) The Desmond declaration represented that, "The fees and costs incurred by the Herbst Defendants are $12,827 in fees and $35.10 in costs as of the date of filing of the Sanctions Motion. These amounts continue to increase and, therefore, will be updated following the hearing on the Sanctions Motion. (AER 19 at 02866.)

Hartman and Houston opposed the motion for sanctions and, in the alternative, requested that if the Bankruptcy Court granted the Motion, that the court decline to impose monetary sanctions. (*See* AER 20.)

The Bankruptcy Court held a hearing on the Motion for Sanctions on February 4, 2021, which lasted over four hours. (*See* AER 24.) It ultimately decided to impose sanctions in the amount of $50,000, which was less than the attorneys' fees. (*Id.*) The Bankruptcy Court asked Gordon to prepare written findings and conclusions that were consistent with its oral findings and

1  conclusions. (*Id.* at 04112.) The written findings of fact and conclusions of law in support of the order granting the motion for sanctions incorporated the findings and conclusions made at the hearing: "The Court granted the Sanctions Motion based upon the following findings of facts and conclusions of law (together with the findings and conclusions made on the record at the Hearing (the "Findings and Conclusions")." (AER 25 at 4121.)

Appellants now argue that the Bankruptcy Court committed reversible error when it imposed monetary sanctions of just $50,000 against Appellees for their violations of Bankruptcy Rule 9011 instead of no less than $115,897.70 – the amount of attorneys' fees and expenses incurred by Appellants at the time of filing the Sanctions Motion as a direct result of Appellees' Bankruptcy Rule 9011 violations. Appellants contend that the Bankruptcy Court's imposition of monetary sanctions of just $50,000 in the Order Awarding Sanctions was an error because the Bankruptcy Court did not identify or apply the correct legal standard or factors when determining the amount of monetary sanctions to impose against Appellees for their violations of Bankruptcy Rule 9011. Additionally, they argue that Bankruptcy Court committed reversable error because it failed to make findings of fact as to whether the imposition of $50,000 was sufficient to deter repetition of such conduct or comparable conduct by others similarly situated.

## II.     Legal Standard

A court reviews the "decision to impose Rule 11 sanctions—and, if they are warranted, the reasonableness of the actual amount imposed—for abuse of discretion." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1126 (9th Cir. 2002). A court abuses its discretion in awarding sanctions if its factual findings "'were clearly erroneous.'" *Id.* (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 386 (1990). The court's legal findings must be affirmed unless they result from a 'materially incorrect view of the relevant law.'" *Id.* at 1127 (quoting *Cooter*, 496 U.S. at 402).

Imposing sanctions under Rule 9011 requires an inquiry into the pleadings where the court considers whether the attorney signing the document made a reasonable inquiry to determine the factual and legal basis of a particular document, and whether the attorney interposed the document for any improper purpose. FED. R. BANKR. P. 9011(b). "A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." FED. R. BANKR. P. 9011 (c)(2). "Sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." *Id.*

Given the similarity between Rule 11 and Rule 9011, courts frequently refer to Rule 11 jurisprudence in applying Rule 9011. *In re DeVille*, 361 F.3d 539, 550 n.5 (9th Cir. 2004). "Rule 9011 was amended in 1997 to conform to the changes wrought by the 1993 amendments to Rule 11. FED. R. BANKR. P. 9011 advisory committee note (1997)." *Id.* at 552.

### III.   Analysis

The Bankruptcy Court identified and applied the correct legal standard when determining the amount of monetary sanctions to impose against Appellees for their violations of Bankruptcy Rule 9011. The Bankruptcy Court held a hearing on the Motion for Sanctions on February 4, 2021, which lasted over four hours. (*See* AER 24.) The Bankruptcy Court acknowledged that, "both parties have accurately stated the legal basis for awarding sanctions under Federal Rule of Bankruptcy Procedure 9011, which really does incorporate Federal Civil Procedure 11." (*Id.* at 4035.) It noted that motions for sanctions "are intended to have a deterrent effect, and they do allow attorneys' fees." (*Id.*) The Bankruptcy

Court acknowledged that a sanction awarding reasonable attorneys' fees and other expenses were "appropriate if warranted." (*Id.* at 4039.)

The Court disagrees with Appellants' argument that the Bankruptcy Court abused its discretion in failing to consider factors such as the reasonableness of the opposing party's attorney's fees, the minimum necessary to deter, the ability to pay, and factors relating to the severity of the sanctionable conduct. (See ECF No. 12 at 19.)

The Bankruptcy Court did consider the reasonableness of Appellants' fees despite the failure of appellants to provide the Bankruptcy Court with a breakdown of the claimed attorneys' fees. The Bankruptcy Court, instead of requesting a breakdown of fees, accepted the declarations at face value, commenting that it understood "how the amount of fees were arrived at based on the work that this Court has done just to prepare for this hearing" but it was also trying to account for the "deterrence remedy" as set forth in the rule. (*See* AER 24 at 4112.)

With respect to ability to pay, the Bankruptcy Court was not required to consider ability to pay because neither party raised the issue of ability to pay. A bankruptcy court is not required to make findings, *sua sponte*, with respect to a party's ability to pay sanctions. *Seith v. Atl. Fin. Sav. Bank,* 15 F.3d 1089 (9th Cir. 1994). To the contrary, the Ninth Circuit has held that the sanctioned party bears the burden of producing evidence of inability to pay. *Id.* The Court also notes that in the Rule 11 context, the Ninth Circuit has observed that, "Nothing in Rule 11 mandates a specific weighing of this [ability to pay] factor[.]" *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1126 n.4 (9th Cir. 2002).

The Bankruptcy Court's analysis focused heavily on identifying the sanctionable conduct and explaining why it was sanctionable. It identified the pleadings that served as the basis for the motion for sanctions and spent a significant portion of the hearing reciting the lengthy procedural history of the

case, providing context to highlight the problematic nature of the pleadings at issue. (*See id.* at 3989-4041.)

The Bankruptcy Court spent considerable amount of time and attention to the matter of deterrence. Appellants were given a full and fair opportunity to argue for a sanction that encompassed all attorneys' fees. They argued that "the relief we've requested should be granted (indiscernible) $128,755.80, a clear statement on the record that their -- that their statements were false and frivolous. And I would ask for the additional attorney fees incurred up to this time, through this hearing." (*Id.* at 4055.) The Bankruptcy Court was careful to make sure it understood not just the argument but the basis for the amount requested: "Is that dollar amount the amount that's in your declaration?" (*Id.* at 4055.) After hearing Appellants' argument regarding attorneys' fees, the Bankruptcy Court awarded $50,000, specifically stating that its sanction "satisfy[ied] the deterrence requirements and an objective analysis of counsel's conduct in this matter[.]" (*Id.* at 4112). It specifically noted it also wanted to deter any finding "by negative implication" that there was any merit to the Injunction Complaint or 60(d)(3) Motion. (AER 24 at 4108.) It noted that there were potential financial ramifications from an order granting sanctions other than the sanctions themselves. (*Id.* at 4110.)

The Court also rejects Appellants argument that the Bankruptcy Court's imposition of monetary sanctions of $50,000 against Appellees when they incurred no less than $115,897.70 at the time of filing the Sanctions Motion will not result in deterring Appellees from such future conduct or other attorneys and clients from adopting a similar course of conduct. Any sanction from a Court carries with it significant professional consequences. The sanction imposed reflected a reasonable balancing of competing factors. The Bankruptcy Court was faced with the difficult and delicate task of considering the conduct of appellees in the context of litigation that spanned years. The Bankruptcy Court

6

demonstrated a command of the facts and the law. It is evident from the record that the Bankruptcy Court was deeply familiar with the parties and issues involved. It exercised its discretion carefully and in conformity with the law. Viewing the record as a whole, the Bankruptcy Court did not abuse its discretion with respect to the amount of monetary sanctions imposed.

Accordingly, this Court AFFIRMS the Bankruptcy Court's order.

DATED THIS 2nd Day of February 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE